```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

DANIEL R. OCHOA,                   )
                                   )
                Plaintiff,         )
                                   )
     v.                            )      No.  07 C 4421
                                   )
CITY OF AURORA, et al.,            )
                                   )
                Defendants.        )
```

## MEMORANDUM ORDER

City of Aurora and a number of its police personnel named as codefendants ("Aurora Defendants")[1] have filed an Answer to the lengthy (21 count, 125 paragraph) First Amended Complaint ("FAC") in this action. Although Aurora Defendants' counsel has provided extensive and highly responsible representation in one other case on this Court's calendar, this time the same counsel has produced a document that exhibits a number of often-encountered basic flaws in defensive pleading that ultimately led this Court to issue a special appendix in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly this memorandum order is issued sua sponte to strike the existing Answer and to require repleading in the form of a self-contained Amended Answer.[2]

---

[1] Only codefendant Aurora Police Officer J. Paul Lindley is separately represented and is thus not encompassed within the text's collective definition.

[2] No effort will be made here to rank the Answer's defects in their order of importance. Instead they will be dealt with in the sequence of their first appearance.

To begin with, the Answer mistakenly asserts that "no answer is required" as to FAC allegations that are characterized as "conclusions of law" (Answer ¶¶1, 12 and 48). No so--see App. ¶2 to State Farm. Hence such statements must be deleted from the Amended Answer.

Next, whenever Aurora Defendants' counsel sets out a properly-stated disclaimer pursuant to the second sentence of Fed. R. Civ. P. ("Rule") 8(b) to get the benefit of a deemed denial (see Answer ¶¶5, 49, 52-57, 61 and 62), that proper disclaimer concludes inappropriately with the phrase "and accordingly denies said allegations." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in the same objective good faith that is required by Rule 11(b)? Accordingly the quoted phrase is stricken from those paragraphs of the Answer.

Next, the Answer includes a host of assertions (Answer ¶¶14, 26-36, 38-47, 50, 51 and 58-60) that various documents "speak for themselves," as though that is a legitimate basis for nonconformity to the admit-or-deny mandate of the first sentence of Rule 8(b). Again that is not so--see App. 3 to State Farm.

In a way the next flaw is the least understandable of all, for this Court knows of no warrant for including the pejorative

label that an allegation is "argumentative" (see Answer ¶¶33, 36, 38, 39, 46 and 51)--whatever that may mean.  Those characterizations must also be omitted the next time around.

Finally, Answer ¶¶66 and 72 follow a properly-stated denial with a demand for "strict proof" (again whatever that may be--see App. ¶1 to State Farm).  That too calls for deletion from the amended responsive pleading.

As stated at the outset, then, the Answer is stricken in its entirety, with leave granted to file a proper Amended Answer on or before December 14, 2007.  No charge is to be made to Aurora Defendants by their counsel for the added work and expense incurred in correcting counsel's errors.  Aurora Defendants' counsel is ordered to apprise the clients to that effect by letter, with a copy to be transmitted to this Court's chambers solely as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 3, 2007