IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

DANIEL R. OCHOA,                )
                                )
                 Plaintiff,     )
                                )
     v.                         )    No. 07 C 4421
                                )
CITY OF AURORA, et al.,         )
                                )
                 Defendants.    )

                       MEMORANDUM ORDER

All the defendants in this action have very recently filed Answers and Affirmative Defenses ("ADs") to the Second Amended Complaint ("SAC") brought against them by Daniel Ochoa ("Ochoa"). One of those responsive pleadings has been filed on behalf of the City of Aurora and a number of the members of its Police Department (collectively "Aurora Defendants"), while the other has been filed on behalf of separately represented Aurora Police Officer J. Paul Lindley ("Lindley"). Because the SAC remains extraordinarily prolix, comprising 112 paragraphs that set out nine so-called "counts" (more on that subject later),[1] the two responsive pleadings are necessarily even lengthier (see this District Court's LR 10.1)--and in this instance some aspects of both the Answers and the ADs call for some preliminary treatment.

To begin with, it had seemed clear from the outset that Ochoa's original counsel was primarily (if not exclusively) a

---

[1] That does not represent much slimming down from the First Amended Complaint ("FAC"), which contained 125 paragraphs and 21 "counts."

state court rather than federal court practitioner, so that (1) both the original Complaint and the FAC engaged in fact rather than notice pleading and (2) the splintering of Ochoa's claim into separate "counts" based on separate theories of recovery was basically at odds with the concept of "counts" as set out in Fed. R. Civ. P. ("Rule") 10(b).  At the initially scheduled status hearing in the case this Court explained those matters to Ochoa's original counsel, calling particular attention both to the simplicity required by Rule 8(a)(and flouted by the excessively lengthy complaint) and to the teaching of such cases as <u>NAACP v. Am. Family Mut. Ins. Co.</u>, 978 F.2d 287, 291-93 (7th Cir. 1992).

It might have been hoped that with new counsel later coming into the case to represent Ochoa, the recasting of his claim via a new SAC would simplify matters by compliance with federal rather than state practice.  That has regrettably not been the case, so that both sets of defense counsel have been compelled to go through the tedious process of responding to the SAC paragraph by paragraph and, in the course of doing so, to include some ADs that call for current comment--hence this memorandum opinion and order.

But before this Court turns to that subject, one aspect of noncompliance with the pleading rules on the part of Lindley's counsel should be noted.  Several of the paragraphs in his

2

responsive pleading (Answer ¶¶5, 18, 42 and 44) have failed to follow the clearly-marked-out roadmap prescribed by Rule 8(b)(5)(see also App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)).[2] Accordingly those paragraphs of the Answer are stricken, with leave of course being granted to file an amendment correcting that error where it occurs (not a lengthy self-contained amended Answer) on or before November 14, 2008.

But the principal focus of this opinion is on certain of the ADs that call either for current ruling or further input. Here they are:

> 1. AD 1 in each Answer asserts a qualified immunity defense. That is absurd when advanced by Lindley, given the fundamental principle that an AD must accept a plaintiff's allegations as gospel, yet go on to explain why a defendant is nonetheless not liable--see Rule 8(c) and App. ¶5 to State Farm. That AD is accordingly stricken from Lindley's Answer, while no ruling is made at this point as to the possible unavailability of a qualified immunity defense to one or more of the other police officers included among the Aurora Defendants.

---

[2] That noncompliance is somewhat puzzling, because many other paragraphs of Lindley's response (Answer ¶¶43, 46, 47, 49 and 53-63) do essentially (though not precisely) conform to the form of disclaimer contemplated by Rule 8(b)(5).

2. AD 2 of each Answer correctly challenges SAC Count II on the ground that merely negligent action by a state actor does not establish a constitutional tort within the purview of 42 U.S.C. §1983 ("Section 1983"). Hence SAC Count II is also stricken.

3. AD 3 of each Answer correctly targets SAC Count VII on the ground that the conduct alleged in the SAC does not implicate the Eighth Amendment's ban on cruel and unusual punishment. Accordingly SAC Count VII is also stricken.

4. Aurora Defendants' AD 4, which has no counterpart in Lindley's responsive pleading, challenges SAC Count VIII and its intentional-infliction-of-emotional-distress theory. Because Count VIII does indeed invoke Section 1983 (see SAC ¶109), it is subject to the two-year statute of limitations applicable to Illinois-based Section 1983 claims. In that respect, any later-suffered damages that stem from a constitutional deprivation that antedated the original Complaint by more than two years are not actionable. That being the case, Ochoa's counsel is ordered to respond to that AD on or before November 14, 2008 with an explanation as to why any contention based on that theory is not time-barred.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 31, 2008